# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YEAZ AHMED,

        Plaintiff,

                                  Civil No. 2:07cv12000

v.

                                  HON. GERALD E. ROSEN

MICHAEL CANNON, Section Chief
Of the National Name Check Program at the FBI,
MICHAEL CHERTOFF, Secretary of USDHS,
USCIS, GERARD HEINAUER, Director of USCIS,
Nebraska Service Center,
JACK LIN, Acting District Director of USCIS,
Detroit District Office
THOMAS BROWNRIGG, Supervisory District
Adjudicator of USCIS Detroit District Office,
STEPHEN MALANIAK, District Adjudications
Officer of USCIS Detroit District Office, and
ALBERTO GONZALES, Attorney General of the
United States of America,

        Defendants.

_____/

## OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS OR REMAND

At a session of said Court, held in the
U.S. Courthouse, Detroit, Michigan
On       January 23, 2008

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

### I. Introduction

Plaintiff Yeaz Ahmed filed the present action on May 7, 2007, complaining of an

excessive delay in the processing of his Petition and Application for Naturalization.

Pursuant to 8 U.S.C. § 1447(b), a citizenship applicant may bring such an action if the

Government does not make a determination on their application "before the end of the

120-day period after the date on which the examination is conducted . . . ." Plaintiff

alleges that with respect to his citizenship application, this 120-day period has lapsed

and, therefore, he is now eligible to have his application adjudicated.

By a motion filed on July 07, 2007, the Government seeks dismissal of this action

or a remand to the U.S. Citizenship and Immigration Services ("CIS") so that the agency

may complete the processing of Plaintiff's application for naturalization. The

Government argues that this Court lacks subject matter jurisdiction over this action

because the 120-day period following the examination of an applicant has not, in fact,

expired. In making the argument, the Government urges this Court to reconsider its

previous holding in *Khelifa v. Chertoff,* 433 F. Supp. 2d 836 (E.D. Mich. June 9, 2006),

where a contrary interpretation of 8 U.S.C. § 1447(b) was reached. Alternatively, if this

Court continues to find a jurisdictional basis for this action, the Government asks that it

remand the case to the CIS for a determination of Mr. Ahmed's citizenship application.

Plaintiff responded to this motion on July 16, 2007, asserting that this Court has

jurisdiction to decide this issue as well as the authority to determine the status of Mr.

Ahmed's Petition and Application for Naturalization.

The Court finds that the relevant facts, allegations, and legal arguments are

adequately contained in the parties' submissions and in the written record as a whole,

and, therefore, oral argument would not significantly aid the decisional process.

Accordingly, the Court will decide Defendant's motion on the briefs. *See* Eastern

District of Michigan Local Rule 7.1(e)(2).

## II. Discussion

### A. Background

Plaintiff Yeaz Ahmed is a native and citizen of Bangladesh. He was granted

permanent resident alien status in the United States in 1999.

Mr. Ahmed filed his Form N-400 application for naturalization with the U.S.

Immigration and Naturalization Service's Nebraska Service Center on December 3, 2004.

He was interviewed by an immigration officer on April 5, 2005, and was informed that

he passed the English language and history tests. However, Plaintiff was advised that his

background check was still pending. As of the date of the Government's motion, the

status of Mr. Ahmed's background check is unknown. There appears to be no dispute

that the only outstanding matter which prevents the adjudication of Plaintiff's N-400

application is his FBI name and background check.

### B. Application of 8 U.S.C. § 1447(b)

This Court has previously discussed the statutory framework governing the CIS's

processing of a naturalization application in *Khelifa v. Chertoff*, 433 F. Supp. 2d 836

(E.D. Mich. 2006), and incorporates this discussion in this Opinion and Order.

### C. This Court Has Subject Matter Jurisdiction

8 U.S.C. § 1446(d) requires the CIS to determine whether to grant or deny an

application for naturalization. Section 1447(b) of the Act provides:

> If there is a failure to make a determination under section 1446 of this title before
> the end of the 120-day period after the date on which the examination is
> conducted under such section, the applicant may apply to the United States
> district court for the district in which the applicant resides for a hearing on the
> matter. Such court has jurisdiction over the matter and may either determine the
> matter or remand the matter, with appropriate instructions to the Service to
> determine the matter.

The Government argues that the 120-day statutory period has not yet commenced

because the "examination" of the Plaintiff has not been completed. In making this

argument, the Government relies upon the reasoning of *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005). There, the court found "examination" to mean the entire naturalization process rather than a single triggering event, such as the personal interview. Under the *Danilov* court's interpretation, then, it would be only after the CIS had completed the entire naturalization process, i.e., satisfactory completion of the personal interview <u>and</u> the FBI background check, that the 120-day statutory period would begin. [1] This is the same argument the government made in *Khelifa*.

After taking a careful second look at its interpretation of the term "examination," this Court has decided to continue to follow its original jurisdictional holding in *Khelifa v. Chertoff*, *supra*. While some courts have adopted the interpretation found in *Danilov*, this Court still finds that an overwhelming majority of cases support this Court's original holding. *See Khelifa, supra. See also, Walji v. Gonzales*, 500 F.3d 432 (5th Cir. Sept. 14, 2007); *Hussein v. Gonzales*, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007); and *Attili v. Federal Bureau of Investigations*, 2007 WL 471124 (S.D. Tex. Feb 9, 2007), as other recent examples of other courts that continue to follow this Court's interpretation.

Applying these authorities, the Court finds that the 120-day statutory decision making period commences when an applicant "appear[s] in person before a Service officer" as provided in the CIS regulation that governs examination, 8 C.F.R. § 335.2. The required FBI background check is entirely separate from this "examination," and the 120-day period is not tolled pending its completion. Mr. Ahmed's "examination" was

---

[1] To support *Danilov*'s reasoning, the Government relies heavily upon *Walji v. Gonzales,* 2007 WL 1747911 (5th Cir. June 19, 2007). Shortly after the Government's Motion to Dismiss was filed with this Court, *Walji* was reversed upon rehearing in *Walji v. Gonzales,* 500 F.3d 432 (Sept. 14, 2007). The decision notes that "the majority of cases addressing this issue have concluded that the term "examination" in § 1447(b) refers to a discrete event-the agency's initial interview of the applicant . . . ." *Id.* at 435. Additionally, the opinion specifically agrees with this Court's construction of 8 C.F.R. § 335.2(b) in *Khelifa*. *See Walji v. Gonzales*, 500 F.3d at 437.

conducted on April 5, 2005 and the 120-day period has long since expired. This Court, thus, has subject matter jurisdiction under 8 U.S.C. § 1447(b).

### D. The Court Elects to Remand This Case for a Prompt Agency Determination

Plaintiff has pointed out that this Court has authority to adjudicate the application pursuant to 8 U.S.C. § 1447(b).[2] Yet, he also concedes that his FBI background check is not complete. The Government's argument for remand to the CIS is a stronger one. This Court is not equipped to make a complete determination as to Mr. Ahmed's eligibility for citizenship. The United States has an agency that functions on a daily basis to make such determinations. In *El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005), the court held that a court is not able to adjudicate an application for the very reason CIS has been precluded from making its own final determination – the FBI background check was incomplete. *Id.* at 683-84. *Essa v. Immigration Services,* 2005 WL 3440827 (D. Minn. Dec. 14, 2005) expands *El-Daour*, holding that "to adjudicate petitioners' applications at this stage would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application."

More generally, a remand is consistent with the rule that, "[g]enerally speaking, a court…should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Immigration & Naturalization Services v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 355 (2002)

Mr. Ahmed has asked that this Court remand this case with a precise timetable requiring action by the FBI and CIS. Plaintiff points out that under § 1447(b), this Court has the discretion to "remand the matter, with appropriate instructions, to the Service to

---

[2] Pursuant to Section 1447(b), the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

determine the matter." It is true that without some specificity, Mr. Ahmed would be in the same position as he was before he filed this action. However, this Court is ill-equipped to determine a precise timetable for a background check as it is to adjudicate Mr. Ahmed's application. It is not known at what stage Plaintiff's background check is currently in, or if there would be a need for further inquiry should the FBI find something.

This Court is not unsympathetic to Mr. Ahmed's deep desire to become a U.S. Citizen. Mr. Ahmed is a permanent resident alien and is not removable. But, with citizenship comes other benefits not derived solely from being able to live and work in this country, such as the right to vote.

Accordingly, this Court ORDERS that this matter be remanded to the CIS with instructions to expedite Mr. Ahmed's FBI background check. The Defendant is further ORDERED to render its determination as expeditiously and promptly as possible on Plaintiff Yeaz Ahmed's application.

### III. Conclusion

For all of the foregoing reasons,

It IS HEREBY ORDERED that Defendants' July 11, 2007 motion to dismiss or remand is GRANTED IN PART and DENIED IN PART, in accordance with the rulings set forth in this Opinion and Order.

> s/Gerald E. Rosen
> Gerald E. Rosen
> United States District Judge

Dated: January 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager